HORATIO DRAPER v. THE COMMISSIONERS OF PUBLIC INSTRUCTION OF THE CITY OF CAMDEN.

Submitted December 8, 1900—Decided February 25, 1901.

By the provisions of the School law all controversies arising under it are, in the first instance, to be determined by the county superintendent, whose decision is subject to an appeal to the state superintendent of public instruction, the decision of the latter official being reviewable, on appeal, by the state board of education. · *Held*, that these special tribunals created by the statute, have *exclusive* jurisdiction over all such controversies; and that an action at law cannot be maintained by a public school teacher for the purpose of contesting the legality of the action of a local school board in dismissing him before the term of service provided in his contract of employment has expired.

On demurrer to count in declaration.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GUMMERE and COLLINS.

For the demurrant, *Edward G. C. Bleakly*.

*Contra, John W. Wescott* and *Francis D. Weaver*.

The opinion of the court was delivered by

GUMMERE, J.   The question presented by this demurrer is whether a teacher in a public school, appointed under our General School law, who is dismissed by the local school board, before the term of service provided by his contract of employment has expired, may test the legality of such dismissal by a suit at law.

By section 39 of our School law, as amended by the act of May 25th, 1894 (*Gen. Stat., p.* 3056), the several local boards of education are clothed with power to employ teachers within their respective districts, and to dismiss them for cause.

By section 46 of the act any teacher who is dismissed by a local board, before the expiration of his contract, is given the right of appeal to the county superintendent; and section 28

requires that *all controversies* arising under the School law *shall* first be submitted to him, his decision in each case being subject to an appeal to the state superintendent of public instruction.

By section 13 of the act the state superintendent of public instruction is required to decide—subject to appeal to the state board of education, and without cost to the parties— all controversies or disputes that may arise under the School laws of the state, * * * "and his decision *shall be binding* until a different decision shall be given by the state board of education."

By section 2 of the act "the state board of education shall have power, and it shall be their duty * * * to decide all appeals from the decision of the state superintendent of public instruction."

By these various provisions the legislature has erected a series of tribunals for the speedy and inexpensive determination of all controversies arising under the School law, and the legislative intent is plain that, in the first instance, recourse is to be had to these special tribunals for the settlement of such controversies. It seems equally manifest that it was the legislative intent that these tribunals should have exclusive jurisdiction over these matters, and that the determination of each one should be final unless appealed from as provided in the act—the court of last resort being the state board of education. To consider otherwise is to attribute to that body the intent to compel the litigation of all such controversies before the various tribunals created by the statute, and yet leave the parties thereto, at the end of such litigation, in exactly the same position, so far as the final determination of such controversies is concerned, as ordinary litigants are before suit has been begun.

The plaintiff, having accepted an appointment as a teacher under the School law, is bound by all of its provisions, and has barred himself from having the propriety of his dismissal by the local school board reviewed in any tribunal except those specially created by the legislature for the purpose.

The defendants are entitled to judgment on the demurrer.