RICHARD T. RIDGWAY ET AL., RELATORS, v. BOARD OF EDUCATION OF THE TOWNSHIP OF UPPER FREEHOLD, RESPONDENT.

Argued December 10, 1915—Decided January 11, 1916.

1. The refusal of a board of education to call a special meeting of the voters of the district when thereto requested by petition under clause 10 of section 86 of the School act (*Comp. Stat., p.* 4752), involves a controversy under the school laws within the provisions of section 10 of the act (*Comp. Stat., pp.* 4727, 4728), cognizable in the first instance by the state superintendent of public instruction, and on appeal by the state board of education.

2. In case of an adverse decision by the state superintendent and the state board of education, this court will not entertain an application for *mandamus* to require the local board to call a special meeting of the voters pursuant to petition until the decision of the school authorities shall have been set aside on *certiorari*.

On demurrer to alternative writ of *mandamus*.

Before Justices PARKER, MINTURN and KALISCH.

For the relators, *John Meirs.*

For the defendants, *Barton B. Hutchinson.*

The opinion of the court was delivered by

PARKER, J.    The action is brought to compel the board of education of the township of Upper Freehold to call a special meeting of the voters to consider certain specifically proposed alterations in the annual budget that was adopted in March, 1915. The right to require such special meeting to be called is rested on the presentation to the board of a petition for such meeting, signed by fifty qualified voters of the school district, pursuant to clause 10 of section 86 of the School law. *Comp. Stat., p.* 4752.

We consider that the matter is brought before us prematurely. It is manifestly a controversy arising under the school laws, and by the terms of the act, cognizable in the first instance by the state superintendent of public instruction, and on appeal from his decision, by the state board of education. *Comp. Stat., p.* 4726, § 3, ¶ 4; *Comp. Stat., p.* 4727, § 10. This legislative policy did not originate in the act of 1903; it will be found in the act of 1867 (*Pamph. L., p.* 360, § 28; *Nix. Dig.* (1868), *p.* 872; *Rev.* 1877, *p.* 1075), and goes back at least as far as 1851. *Pamph. L., p.* 267, § 12; *Nix. Dig.* (1861), *p.* 781, *pl.* 43. It does not appear in the record before us that these statutory tribunals were appealed to. The law is settled that the prerogative writs of the state should not be awarded until the remedies provided by the School law

have been exhausted. *Stockton* v. *Board of Education*, 72 N. J. L. 80; *Montclair* v. *Baxter*, 76 *Id.* 68. The principle was applied in *Jefferson* v. *Board*, 64 *Id.* 59, to the case of refusal to admit a pupil into a school; in *Buren* v. *Albertson*, 54 *Id.* 72, to a contested election of a school trustee; in Montclair *v.* Baxter, to a refusal by the municipal council to honor a requisition for a school appropriation. These diverse cases indicate the wide scope of the statutory provision.

If it appeared by the record that the statutory procedure had been followed, we should still be constrained to refuse a *mandamus*, for the reason lucidly set forth by Mr. Justice Kalisch in the recent case of *Board of Education* v. *Decker*, 87 *N. J. L.* 431, viz., that assuming the state board on appeal had refused relief to relators, its decision would be binding on the local board until set aside by a direct attack on *certiorari*. The cases on this point are collected in the opinion just cited.

This result makes it unnecessary to discuss the other phases of the case.

There will be judgment for the defendants on the demurrer, with costs.