PAUL I. REDCAY, PROSECUTOR, v. STATE BOARD OF EDU-
CATION AND BOARD OF EDUCATION OF THE TOWN-
SHIP OF MIDDLETOWN, MONMOUTH COUNTY, RE-
SPONDENTS.

Argued February 5, 1942—Decided April 18, 1942.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, Lester C. Leonard.

For the State Board of Education, David T. Wilentz,
Attorney-General (John F. Bruther, Assistant Attorney-
General, of counsel).

For the Board of Education of the Township of Middle-
town, Lawrence A. Carton.

The opinion of the court was delivered by

PERSKIE, J.   The basic question requiring decision in this
cause is whether prosecutor was improperly dismissed as prin-
cipal of the Middletown Township High School.

Prosecutor, Paul I. Redcay, has been principal of the Mid-
dletown Township High School since 1923, and as such was

and is concededly entitled to the protection afforded him by our Tenure Act for teachers and principals. *N. J. S. A.* 18:13-16, *et seq.*

On April 17th, 1939, prosecutor was notified by the supervising principal of the Board of Education of the Township of Middletown (hereafter referred to as respondent), that, at a meeting held by respondent, on April 11th, 1939, he was elected principal for the school year 1939-1940 at the salary of $3,800. Prosecutor accepted the position.

Thereafter, on August 11th, 1939, a series of charges were preferred against prosecutor by a former president of the local board, a present member of the local board, and by the supervising principal. In our view of this cause, it will serve no purpose to state even in epitomized form the details of these extensive charges. Suffice it to observe that they charged prosecutor with inefficiency, incapacity, insubordination, lack of co-operation, unfitness and conduct generally unbecoming a principal.

After conducting 19 hearings, taking testimony and 150 exhibits resulting in a record of some 1,400 typewritten pages, the local board (the member thereof who had filed charges not voting), on December 12th, 1939, found prosecutor guilty on most of the specifically alleged charges and accordingly dismissed him as principal and teacher.

Prosecutor appealed to the State Commissioner of Education who, on May 24th, 1940, sustained the local board. On further appeal to the State Board of Education, the judgment of the State Commissioner was affirmed on November 2d, 1940.

Prosecutor obtained a writ of *certiorari* to review his dismissal. The case was submitted to us on briefs. We ordered oral argument which was heard on February 5th, 1942. Leave was given respective counsel to file supplemental briefs, the last of which was received by us on March 18th, 1942.

We are met, at the outset of our consideration and disposition of this cause, with the contention that the State Board of Education did not, as was its bounden duty, decide prosecutor's appeal, *N. J. S. A.* 18:2-4(d), but if it did decide the appeal its decision was made to rest on votes of its mem-

bers who neither read nor considered the testimony, nor heard nor considered oral argument made, nor read nor considered the briefs submitted.

The facts in support of the contention are stipulated in the return to the writ; they are free from any substantial dispute.

The State Board of Education (hereafter referred to as State Board), consists of "ten members" (*N. J. S. A.* 18:2-1) who receive "no compensation" for their services save "their necessary expenses." *N. J. S. A.* 18:2-3. Pursuant to its asserted power (*N. J. S. A.* 18:2-4(b)), the State Board, in 1911, adopted rules concerning appeals to it from the decision of the State Commissioner of Education. Under these rules, as lastly amended, a "Law Committee," consisting of four members of the State Board, hears and considers all appeals and reports and recommends its considerations to the State Board.

This appeal was heard by three of the four members of the "Law Committee." The "record and all of the briefs were thoroughly examined * * *" by them, and all four "agreed" on its recommendations and conclusions resulting in prosecutor's dismissal. Six of the ten members of the State Board were present at the meeting held on November 2d, 1940. Three of the six were members of the "Law Committee." Two of these three were those who had made a thorough study of the case, while the third was the one who merely studied his colleagues report and concurred therein. The remaining three members of the State Board made no study of the proofs, and briefs, nor did they hear argument. In short, the State Board adopted the conclusions of its law committee as its decision in the case. Application to re-open and vacate its decision was denied on the recommendation of the law committee at the meeting of the State Board on December 14th, 1940. Of the eight members present at this meeting, four were members of the law committee and the remaining four did not consider the proofs nor briefs submitted, nor hear argument on which the State Board adopted the conclusions of the law committee resulting in prosecutor's dismissal.

There is no occasion, under the facts exhibited, to add to the much discussed question as to how far the State Board could under its asserted power delegate its statutory duty to make a decision. Suffice it to observe that "anonymous" decision making was approved in the case of *Local Government Board* v. *Arlidge* (1915), *A. C.* 120—H. L., reversing *Rex* v. *Local Government Board* (1914), 1 *K. B.* 160, but was not followed in the case of *Morgan* v. *United States*, 298 *U. S.* 468, 482; 80 *L. Ed.* 1288, 1296, invoking the right to a hearing before the Secretary of Agriculture on his making of a rate order under the Packers and Stockyards Act of 1921. (42 *Stat. at L.* 159, *ch.* 64, *U. S. C. A. Title* 7, § 181-229.) See, also, same captioned cause, 304 *U. S.* 1; 82 *L. Ed.* 1129. For a comprehensive and very capable presentation and discussion of the problem see, "Reform of Administrative Procedure" by Mr. Gilbert H. Montague, 40 *Michigan Law Review* 501, *No.* 4.

The reason why there is no occasion in the case at bar further to discuss the stated question is that it is conceded that no objection was made to the right of the "Law Committee" to hear prosecutor's appeal and to the making of its recommendations and conclusions to the State Board. Prosecutor may not now be heard to complain on that "irregularity of procedure." *Weber* v. *Board of Education, Trenton (Court of Errors and Appeals)*, 127 *N. J. L.* 279, 282; 21 *Atl. Rep.* (2d) 808. But prosecutor may properly complain that the State Board did not in fact decide his appeal.

True, the rule requiring the exhaustion of statutory tribunals before appealing to this court "is not an absolute one." For "it is a rule of policy, convenience and discretion, rather than of law, particularly [since] prerogative powers of this court are protected from legislative changes." Thus whether the policy be "legislative" or "judicial" we intervene, "in a proper case" without waiting for "intermediate statutory remedies to be exhausted." *Conaway* v. *Atlantic City*, 107 *N. J. L.* 404, 408; 154 *Atl. Rep.* 6. In furtherance of the stated principles, we have not, for examples, waited for the exhaustion of statutory remedies, in a proper case, under the Workmen's Compensation Law (*Nardone* v. *Public Service*,

&c., Co., 113 N. J. L. 540; 174 Atl. Rep. 745), and under the Zoning Law (Conaway v. Atlantic City, supra), but we have, rather steadfastly, so waited under the School Law. Jefferson v. Board of Education of Atlantic City, 64 N. J. L. 59: 45 Atl. Rep. 775; Draper v. Commissioners of Public Instructions, 66 N. J. L. 54; 48 Atl. Rep. 556; Montclair v. Baxter, 76 N. J. L. 68; 68 Atl. Rep. 794; Ridgway v. Board of Education, 88 N. J. L. 530; 96 Atl. Rep. 390.

Thus when, as here, the jurisdiction of a statutory quasi judicial tribunal (State Board) is invoked, that tribunal must exercise its jurisdiction on the fundamental requirements of "fair play." Morgan v. United States, 304 U. S. 1; 82 L. Ed. 1129. The value or helpfulness of the recommendations and conclusions of the "Law Committee" could only be determined if and when the members of the State Board who voted to adopt them had in the exercise of fair play read and considered the proofs, the briefs and oral arguments made. Morgan v. United States, 298 U. S. 468; 80 L. Ed. 1288.

The stated requirements of fair play were fully satisfied by but two of the six members of the State Board at its meeting on November 2d, 1940, and by three of the eight voting at its meeting on December 14th, 1940. On neither occasion was there a majority vote by those qualified to vote. The State Board, therefore, did not in fact decide prosecutor's appeal.

In light of the result reached, there is no need to discuss the other points argued.

The case will be remanded to the State Board, without costs, there to be decided consistently with this opinion.