LESLIE H. JAMOUNEAU, PROSECUTOR. v. BOARD OF COM-
MISSIONERS OF THE CITY OF NEWARK ET AL., DE-
FENDANTS.

Submitted May 2, 1944—Decided September 25, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and
PERSKIE.

For the prosecutor, Saul· A. Wittes.

For the defendants, Philip J. Schotland and Joseph A.
Ward.

The opinion of the court was delivered by

DONGES, J. This writ was allowed to review the municipal
budget for the City of Newark for the fiscal year 1944.

It is asserted by prosecutor that the budget fails to con-
form to the requirements of the statutes in form and in
failure in several items to set out adequately the required
information.

The defendants raise the question that prosecutor had a
right of appeal from the action of the Commissioner of Local
Government in approving the budget and that, therefore, the
writ should be dismissed. The record discloses that the
budget was approved by the Commissioner of Local Govern-
ment and in his testimony he so states.

N. J. S. A. 52 :27A–24 provides:

"A person, including a taxpayer or citizen, aggrieved by a
determination made or an order issued by the commissioner
may apply to the State Board for a review and redetermina-
tion. Application for review and redetermination shall be

filed with the commissioner not more than ten days after the date of the determination or order. Within thirty days after filing of the application the State Board shall give the applicant an opportunity to be heard, and shall sustain, reverse or modify the determination of the commissioner. * * *"

N. J. S. A. 52:27A–16 provides:

"All powers and duties vested in the commissioner may be exercised at his direction and under his supervision by his appointees or employees, but the commissioner shall be responsible for all official acts."

N. J. S. A. 52:27A–29 provides:

"The provisions of this act shall not be construed to prevent the judicial review of an order of the commissioner after exhaustion of the remedy provided by section twenty-four. But no such order shall be wholly or partly set aside because of irregularity or informality in administrative proceedings unless the irregularity tends to impair the right or interest of the prosecuting party."

N. J. S. A. 40:2–53 provides that the commissioner shall approve the budget if requirements of law and regulations of the board are complied with. It also provides procedure in the event of appeal to the state board and subsequent judicial review.

It is obvious that the legislature intended that there should be no judicial review of the orders of the commissioner relating to the adoption of municipal budgets until after appeal as provided by statute. Clearly, the purpose was to provide a quick review, in order that undue delay in the adoption of the budget might be avoided and the functioning of the municipality not embarrassed.

In *Hoboken* v. *Martin,* 121 *N. J. L.* 214, it was held that, "It is incumbent upon one who has the right of appeal to avail himself of that remedy. One may not claim a deprivation of constitutional rights by ignoring the remedy provided for the alleged grievance. *Hackensack Water Co.* v. *Woodcliffe Lake,* 104 *N. J. L.* 48."

The testimony of the prosecutor discloses that, in answer to his counsel's question as to whether he had made complaint to the Commissioners of the City of Newark, he said:

"Yes, several times." "The first time was on February 9th, 1944, before the Commission acted to approve the present budget." It is apparent, therefore, that prosecutor was fully apprised of his objections to the action of the Commissioner and to the proposed budget in ample time to comply with the statutory requirements for appeal to the Local Government Board.

It has been repeatedly held that the court will not review the action of local authority until redress has been first sought in the special tribunals provided by law. *Board of Education of Flemington* v. *State Board,* 81 *N. J. L.* 211; *affirmed, sub nomine Glazer* v. *Flemington,* 85 *Id.* 384.

The rule is stated by Mr. Justice Perskie, in *Redcay* v. *State Board of Education,* 128 *N. J. L.* 281, as follows:

"True, the rule requiring the exhaustion of statutory tribunals before appealing to this court 'is not an absolute one.' For 'it is a rule of policy, convenience and discretion, rather than of law, particularly [since] prerogative powers of this court are protected from legislative changes.' Thus whether the policy be 'legislative' or 'judicial' we intervene, 'in a proper case' without waiting for 'intermediate statutory remedies to be exhausted.' *Conaway* v. *Atlantic City,* 107 *N. J. L.* 404, 408; 154 *Atl. Rep.* 6. In furtherance of the stated principles, we have not, for examples, waited for the exhaustion of statutory remedies, in a proper case, under the Workmen's Compensation Law (*Nardone* v. *Public Service, &c., Co.,* 113 *N. J. L.* 540; 174 *Atl. Rep.* 745), and under the Zoning Law (*Conaway* v. *Atlantic City, supra*), but we have, rather steadfastly, so waited under the School Law. *Jefferson* v. *Board of Education of Atlantic City,* 64 *N. J. L.* 59; 45 *Atl. Rep.* 775; *Draper* v. *Commissioners of Public Instructions,* 66 *N. J. L.* 54; 48 *Atl. Rep.* 556; *Montclair* v. *Baxter,* 76 *N. J. L.* 68; 68 *Atl. Rep.* 794; *Ridgeway* v. *Board of Education,* 88 *N. J. L.* 530; 96 *Atl. Rep.* 390."

We think a case such as the present one, where the functioning of a municipality is involved, is one where the statutory appeals must be pursued before recourse to the courts.

In *Florenzie* v. *East Orange,* 88 *N. J. L.* 438, Mr. Justice Garrison, speaking for this court said:

"The doctrine of the general availability of the court's prerogative writ, when no other remedy exists, has no application in cases when the legislature has provided a specific remedy and a special agency for its prompt administration. It is a sound exercise of discretion, to say the least, for the courts to forward rather than to thwart such legislative policy, and this can be done only by denying *allocatur* where the statutory review has not been had, reserving the use of the prerogative writ for the review of such statutory tribunals, rather than permitting its use to their disparagement."

The writ of *certiorari* is, therefore, dismissed, with costs.