CITED *in State* v. *Randolph*, 1 *Dutch.* 430; *State* v. *Parker*, 6 *Vr.* 580.

---

## THE STATE (D. B. RYALL, PROSECUTOR,) v. DANSER, COLLECTOR OF FREEHOLD.

1. Foreign stocks held by residents of this state can be taxed.

2. If the only error in a tax assessment complained of is an error in valuation of property, the remedy is by appeal to the commissioners, and not by *certiorari*.

---

This was a *certiorari* to remove the assessment of taxes upon the property of the prosecutor, by the assessor of the

township of Freehold, in the county of Monmouth. The facts and reasons relied on sufficiently appear in the opinion of the court.

POTTS, J., delivered the opinion of the court.

The question as to the liability of extra-territorial stocks to taxation in the hands of citizens of this state, has been decided in the case of *The State* v. *Branin.* But the prosecutor in this case objects to the assessment made upon Wabash and Erie Canal preferred stocks, in the state of Indiana, held by him, on the ground that this stock has only a *speculative*, and not a *real* value. This objection is met by the provision of the second section of the supplement to the act concerning taxes, that personal estate is to be " assessed at the *actual value* thereof." The actual value of such property is its price in the market. If there is no mode of ascertaining this, as if there are no offers, no sales, no *criteria* by which to test it, the holder should have resorted to the mode pointed out in the 10th and 11th sections of the act, of fixing the value. There is nothing before us in the case, as it is presented, upon which we can give any relief now. Upon a mere question of value, depending upon evidence, the mode of redress is by application first to the commissioners of appeal.

CITED *in State* v. *Powers,* 4 *Zab.* 407; *State* v. *Randolph,* 1 *Dutch.* 430 *State* v. *Parker,* 5 *Vr.* 53.