### THE STATE v. JAMES POWERS, COLLECTOR.

1. The real estate held by the Society for Establishing Useful Manufactures, other than that held for the objects for which they were incorporated, is liable to taxation.

. 2. The valuation of property taxed is a question exclusively for the commissioners of appeal, and this court can give no relief in case of mere over valuation not founded upon any error in matter of law.

3. In the city of Paterson, the affidavit of the owner is not conclusive as to the valuation of property taxed; and it is no error in the commissioners of appeal that they are not controlled by such affidavit.

This was another *certiorari* sued out of this court by the Society for Establishing Useful Manufactures, as prosecutors, against James Powers, collector of the south ward of the city of Paterson, to remove an assessment of taxes upon the property of the prosecutors.

It was argued at the same time, before the same court, and by the same counsel, as the next three preceding cases.

The facts upon which the questions peculiar to the case arose sufficiently appear in the opinion of the court, delivered by the Chief Justice.

The CHIEF JUSTICE.  The prosecutors in this case complain of an assessment of taxes, made upon their real estate in the south ward of the city of Paterson, in the year 1852. The assessment was made under the authority of a supplement to the city charter, passed on the 30th of April, 1852, and is wholly for city and county purposes.

The grounds of exception are the same as those assigned in the case of *The State* v. *Blundell*, and are disposed of in that case.

The assessment is for 170 acres of land, which is valued at $150,000. None of it was assessed for water power or mill sites. The agent of the society, a witness called on the part of the prosecutors, states that the 170 acres consist of mountain land, farm land, and house lots, and that its entire value does not exceed $70,000; that the society will sell the entire tract for that sum.

Upon the principles adopted in the case of *The State* v. *Flavell*, the land is liable to taxation.

The amount at which the land is rated appears to be very high, and is in fact more than double the amount at which both the governor and agent of the society state that the land would be sold for. The remedy, however, for over valuation by the assessor is with the commissioners of appeal, and if they refuse to correct the assessment this court can give no relief, except it appear that an erroneous principle was acted upon in making the assessment.

Nor is the case altered in principle by the fact that affidavits of the real value of the land were laid before the commissioners, and that they refused to conform the assessment to the valuation thus put upon the land. The general tax law of 1851 makes the affidavit of the party taxed conclusive as to the value of his property. But that provision of the law is not in force in the city of Paterson. The supplement to the city charter, passed March 30th, 1852, declares that the provisions of the tax law of 1851, except the first, fifth, twelfth, and thirteenth sections, shall not be in force in the city of Paterson. The 12th section of the act of 1851, which is adopted in the supplement to the charter of Paterson, manifestly contemplates that the oath of the party should be received as competent evidence. In the absence, however, of any statute making the affidavit of the party conclusive upon the question of value, the assessment cannot be corrected on the ground that it was against the evidence. The object of the *certiorari* is to review errors of law, not questions of fact. The statute, moreover, makes the decision of the commissioners final and conclusive. *Rev. Stat.* 1014, § 49; *State* v. *Quaife*, 3 *Zab.* 90; *State* v. *Ross, Ib.* 521; *State* v. *Danser, Ib.* 553.

There is no evidence that the assessor or the commissioners acted upon the principle admitted to have been adopted by the assessor in *The State* v. *Flavell, viz.* enhancing the value of the land by the value of the water power owned by the prosecutors.

The other errors assigned have been disposed of in other causes or are not verified in point of fact.

Let the assessment be affirmed.

OGDEN and HAINES, Justices, concurred.