## OSCAR H. FLORENZIE v. CITY OF EAST ORANGE.

Argued February 15, 1916—Decided April 19, 1916.

An application for a writ of *certiorari* to review the validity of an assessment for benefits claimed to be excessive and improperly apportioned denied where a summary method to review the same by an appeal to the Circuit Court has been provided by the legislature.

On application for a writ of *certiorari*.

Before Justices GARRISON, TRENCHARD and BLACK.

For the motion, *George W. Flaacke.*

*Contra, Edward O. Stanley, Jr.*

The opinion of the court was delivered by

GARRISON, J. This is an application for a writ of *certiorari* to review an assessment for benefits for the opening of a street. The assessment was confirmed by the city council on October 25th, 1915. On December 18th, 1915, upon the application of the prosecutor to Mr. Justice Kalisch for *allocatur* a rule to show cause was made which, after a hearing, was discharged on December 3d, 1915. The following memorandum was filed by Mr. Justice Kalisch:

"The prosecutor obtained a rule to show cause why a *certiorari* should not be allowed him to test the validity of an assessment levied against his property, which assessment he claims to be excessive and not properly apportioned. An ample remedy by an appeal to the Circuit Court is provided by sections 40 and 41 of the laws of 1912 (*Pamph. L., p.* 246), applicable to the city of East Orange, to persons aggrieved by improper assessments, &c. No such appeal was taken and the time for taking it has elapsed, no good reason has been advanced why an appeal was not taken to the Cir-

cuit Court, no jurisdictional question is involved. The legislature has mapped out a certain policy which shall govern objections to the levying of assessments, &c., in the interest of both the municipality and the taxpayer, in that a summary method is provided for the hearing and disposition of controversies concerning such assessments.

"In view of this legislative policy, and no good reason appearing why the prosecutor did not avail himself of the privilege of an appeal in the first instance, the rule to show cause will be discharged, but without costs."

We think that the application for a writ should be denied, for the reason given by Mr. Justice Kalisch.

This is in line with what was said by this court in *Colonial Trust* v. *Scheffey*, 69 *Atl. Rep.* 455, with respect to county boards of taxation and the state board of equalization, viz.: "The object of the creation and maintenance of these boards was, in part, to provide tribunals having peculiar opportunity and machinery for the investigation of questions of valuation, and, in part, to relieve the regular courts of this administrative function when disconnected with any violated principle of law * * *. The legislative policy in the creation of these tribunals can be sustained by the courts and the expense involved therein justified only by our refusing to allow discretionary writs for the sole purpose of reviewing tax valuations where no legal principle is at stake."

More or less to the same effect are *Appelget* v. *Pownell*, 49 *N. J. L.* 169; *Hall* v. *Snedeker*, 42 *Id.* 76; *Young* v. *Parker*, 34 *Id.* 49.

The judicial policy of exhausting statutory tribunals is also illustrated in the case of controversies arising under the School law. *Jefferson* v. *Board of Education*, 64 *N. J. L.* 59; *Draper* v. *Commissioner of Public Instruction*, 66 *Id.* 54; *Montclair* v. *Baxter*, 76 *Id.* 68.

The doctrine of the general availability of the court's prerogative writ, when no other remedy exists, has no application in cases when the legislature has provided a specific remedy and a special agency for its prompt administration. It is a sound exercise of discretion, to say the least, for the courts to

forward rather than to thwart such legislative policy, and this can be done only by denying *allocatur* where the statutory review has not been had, reserving the use of the prerogative writ for the review of such statutory tribunals, rather than permitting its use to their disparagement.

The discretionary nature of the writ permits, if it does not require, us to give controlling effect to these considerations.

*Allocatur* is denied, with costs.