PHILIP LUTZ ET AL., PARTNERS, AS LUTZ & CLAYTON, RELATORS, v. WILLIAM T. KALTENBACH, INSPECTOR OF BUILDINGS, ETC., AND THE CITY OF ELIZABETH, RESPONDENTS.

Argued January 6, 1925—Decided March 26, 1925.

The statute entitled "A supplement to the act entitled 'An act concerning municipalities,' approved March 27th, 1917" (*Pamph. L.* 1924, *p.* 324), providing for an appeal to a board of adjustment, from a refusal to issue a building permit by the building inspector, or other officer or body charged with that duty, such remedy by appeal to such board of adjustment must be pursued before resort to *mandamus.*

On rule to show cause.  On *mandamus.*

Before Justices KALISCH, BLACK and CAMPBELL.

For the relators, *Jeremiah A. Kiernan.*

For the respondents, *Joseph T. Hague.*

The opinion of the court was delivered by

CAMPBELL, J.  Relators are the owners of Nos. 400 to 406 South Broad street, in Elizabeth, upon which there is at present a three-story frame building, setting back thirty-five (35) feet from the front line of the plot.  On August 2d, 1924, they made application to the defendant, William T. Kaltenbach, building inspector of the city of Elizabeth, for a permit to construct a one-story addition to the front of the present building, the said application showing that there were to be constructed four stores, brick and frame, according to plans filed with the application; such plans and specifications for such construction have been duly approved by the board of tenement house supervision of New Jersey, and in all respects complying with the rules and regulations of the building department of the city of Elizabeth, and at the

time of making and filing such application the proper fees were tendered said building inspector for issuing the permit applied for.

On August 11th, 1924, the building inspector refused to issue the permit applied for upon the ground that the erection of the proposed stores would be a violation of the zoning ordinance of the city, as that section of South Broad street was classified as and under the residence C district, in which stores are not permitted.

South Broad street is a continuation of Broad street, the main business street of the city, and the district comprising Nos. 400 to 406 South Broad street is about three long blocks from the business center of the city; the said South Broad street leading on out to Bayway where there are a number of large factories.

On South Broad street, on the three blocks before mentioned, and between the property of relators and Broad street proper, there is a large hospital and two schools, and the street contains two lines of trolley tracks, and several jitney buses are also operated thereon.

At the present time there are no stores on South Broad street except a few where it joins Broad street at its northerly end, and also some several blocks below the property of relators, which were in existence before the adoption of the zoning ordinance. With the exception of these stores, which existed long before the adoption of the zoning ordinance, and St. Elizabeth Hospital, St. Mary's Parochial School and Battin High School, South Broad street is occupied entirely by residences.

After refusal of the building inspector to issue the permit applied for, a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue, directed to the defendants, was issued and made returnable at the opening day of the present term of this court, and was then argued.

We think that neither a peremptory nor alternative writ should issue. At least, the application therefor is premature, and the allowance thereof would be improper at this time.

By "A supplement to an act entitled 'An. act concerning municipalities,' approved March 27th, 1917" (*Pamph. L.* 1924, *p.* 324), existing zoning acts were repealed and new legislative authority for zoning was extended to municipalities.

Among other provisions, power was granted to the governing body of any municipality adopting the provisions of the act to appoint a board of adjustment, which board should have the following powers:

1. To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of this act or of any ordinance adopted pursuant thereto.

2. To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance.

3. To authorize, upon appeal in specific cases, such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done.

The act further provides: "Appeals to the board of adjustment may be taken by any person aggrieved, or by any officer, department, board or bureau of the municipality affected by any decision of the administrative officer."

Our conclusion is that before application for *mandamus,* parties aggrieved should exhaust their remedy by appeal under the foregoing statute. *Florenzie* v. *East Orange,* 88 N. J. L. 438.

The rule to show cause will be dismissed.