MEIER CREDIT COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, TRADING AS "MICHAELS," PLAINTIFF-APPELLANT, v. FERDINAND JAMES YEO, DEFENDANT-RESPONDENT.

Argued May 20, 1942. Decided September 18, 1942.

For the plaintiff-appellant, *Besson & Applegate* (*John B. Applegate*).

For the defendant-respondent, *Murray Greiman*.

The opinion of the court was delivered by

CASE, J. The substantial question, recognized as such by the Supreme Court and so accepted by us, is whether the debt sued upon had been discharged by an order in a prior bankruptcy of the defendant.

Meier Credit Company sued in the District Court of the City of Hoboken to recover the balance remaining unpaid on divers purchases of merchandise, the credits thereon having been allowed, according to the allegations in the state of demand, in reliance upon statements made in writing by Yeo concerning his financial condition that were false and fraudulent, that were known by Yeo to be false when he made them and that were tendered by him to the plaintiff with the intent that the latter should extend credit to Yeo thereon. At the trial defendant moved for a nonsuit on the ground that the plaintiff had not relied upon the financial statements. The trial judge, sitting without a jury, denied the motion for

nonsuit, and we find that there was evidence to support that ruling. Defendant put in evidence an objection to the defendant's discharge in bankruptcy which plaintiff had filed in the bankruptcy proceedings in the United States District Court for the District of New Jersey, together with defendant's notice of motion to strike the same and the court order thereon. It is not clear from the transcript, and it is perhaps immaterial, in what order the above mentioned proceedings, that is to say, the motion for nonsuit, the submission of the bankruptcy record and the taking of defendant's testimony, occurred. Sufficient to say that notwithstanding them and defendant's further motion for a "direction of verdict" the court gave judgment for the plaintiff and that there were proofs, either oral, stipulated, or contained within the exhibits, from which a fact finding tribunal could reasonably conclude that the allegations in the state of demand were established.

The reference to the bankruptcy proceedings requires some elaboration. The creditor, in accordance with the practice in bankruptcy, caused its formal objection to the bankrupt's discharge to contain the "specification" upon which the objection was rested. The bankrupt thereupon gave notice that he would apply to the referee in bankruptcy for an order to strike out the specification of objection to the discharge upon the grounds (a) that the creditor had not entered an appearance in opposition to the discharge in season, (b) that the specification was too indefinite and uncertain to apprise the bankrupt of the nature of the charges against him and that the specification was therefore insufficient, (c) that the specification in the manner and form as pleaded contained no lawful reason or excuse why the bankrupt should not be granted his petition for discharge. So far as the record discloses, the referee in bankruptcy heard no testimony on the alleged fraudulent transactions; he heard only the argument of counsel on the narrow question of the motion to strike, and upon a finding that "the specification of objection is vague and indefinite, as well as wanting in the essential allegations necessary to make such specifications suf-

ficient" granted the motion to strike the specification of objection to the discharge and thereupon granted to the bankrupt the usual discharge "from all debts and claims which are made provable by said Act against his estate, except such debts as are, by said Act, excepted from the operation of a dicharge in bankruptcy." There was no finding and, so far as we know, no argument that the acts charged to be fraudulent were not, in fact, such.

The Supreme Court, whose opinion is reported in 127 *N. J. L.* (at *p.* 429), considered that the subject-matter of the suit was *res judicata,* because of the proceedings in bankruptcy, and reversed. Our study leads us to the opposite conclusion.

There are two questions involved: (1) Does a discharge in bankruptcy release a bankrupt from a claim founded in fraud wherein the bankrupt had obtained goods upon false representations? (2) Did the striking out of the objection upon the ground that the specification in the latter was not well stated constitute *res judicata* against a later suit on the claim?

(1) The Bankruptcy Act provides, 11 *U. S. C. A.,* § 35 (formerly section 17, 30 *Stat.* 550):

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are due as a tax levied by the United States, or any State, county, district or municipality; (2) are liabilities for obtaining money or property by false pretenses or false representations * * *."

The great weight of authority is to the effect that a discharge in bankruptcy does not discharge the bankrupt from liability for obtaining money or money's worth upon representations that were false and were known by the person afterward adjudged to be bankrupt to be false when he made them and that were relied upon, and were intended by the debtor to be so relied upon, by the creditor in parting with his property. See *Railroad Employees' Personal Loan Co. v. Dillon,* 123 *N. J. L.* 31, and the authorities therein cited; 8 *C. J. S. Bankruptcy* 1513, § 573, and footnote citations; *Cf.* 48 *Harvard Law Review* 677.

The 1867 bankruptcy statute excepted from discharge "*debts* created by the fraud or embezzlement of the bankrupt." The 1898 Bankruptcy Law made the exclusion refer to "*judgments* in actions of *fraud*," and it was that statute that was passed upon in *J. C. Smith and Wallace Co.* v. *Lambert*, 69 *N. J. L.* 487. In 1903 the bankruptcy statute was amended by taking out the word "judgments" and substituting the word "liabilities" as *supra*. The effect of the last mentioned statutory change is to make impertinent the decision in *Smith and Wallace Co.* v. *Lambert* in so far as concerns the matter now under discussion.

(2) The striking of the objection to the discharge in the bankruptcy court was because of the technical insufficiency of the specification. It did not go to the merits of the creditor's claim, and the point of controversy was not the same. "In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit * * * was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit." *Stambovsky* v. *Cohen*, 124 *N. J. Eq.* 290. The cases on the subject have recently been reviewed and the following statement of the rule deduced in 30 *Am. Jur. Judgments*, § 208:

"In stating the doctrine of *res judicata*, the courts usually refer to the fact that the judgment sought to be used as a basis of the doctrine was rendered upon the merits, since it is a general rule that a judgment rendered on any grounds which do not involve the merits of the action may not be used as a basis for the operation of the doctrine of *res judicata*."

The decisions *In re Leupp*, 108 *N. J. Eq.* 49, and *Myers* v. *International Trust Co.*, 263 *U. S.* 64; 68 *L. Ed.* 165, relied upon in the Supreme Court, do not, in our opinion, apply; in the former, because the objection filed by the Meier Credit Company was struck, not after a hearing on the merits, but upon motion to strike for insufficiency in the

specification of objection in the manner and form as pleaded; in the latter, because the decision therein was expressly grounded in a finding in the bankruptcy court adverse to the creditor on the existence, *vel non,* of fraud. "In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit * * * was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit." *Hughes* v. *United States,* 4 *Wall.* 232. There was not identity of cause in an objection to a discharge in bankruptcy and a subsequent suit on a claim exempted by the statute from the discharge; there was no election of remedies in the fact that the creditor entered the bankruptcy court and the determination there was neither *res judicata* nor other form of estoppel against the creditor in a later suit at law on the claim. *Talcott* v. *Friend,* 179 *Fed. Rep.* 676; *affirmed,* 228 *U. S.* 27.

The controverted question therefore resolves itself thus: Yeo filed his petition in bankruptcy seeking a discharge from his debts; the Meier Credit Company, a creditor, sought, by filing an objection, to prevent Yeo from obtaining the general order of discharge; Yeo moved to strike that objection because the specification therein contained was indefinite, uncertain and in manner and form insufficient; the court accordingly struck the objection and granted the discharge. That discharge, however, specifically excepted from its purview all such debts as were, by the statute, excepted from the operation of a discharge. The Meier Company thereafter sued on its debt which, as is implicit in the determination of the trial court, with support in the proofs, was such a debt as is excepted from the operation of a discharge. Is the order striking the objection to the general discharge *res judicata* against the suit? We think not.

The judgment in the Supreme Court will be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, HEHER, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 12.