28 N.J. Super. 572 (1953)
101 A.2d 363
DANIEL L. PETRUCELLI, PLAINTIFF-APPELLANT,
v.
DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY AND LESTER H. CLEE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 30, 1953.
Decided December 8, 1953.
*573 Before Judges JAYNE, FRANCIS and FREUND.
Mr. Paul N. Belmont argued the cause for appellant (Messrs. Van Riper & Belmont, attorneys; Mr. Stephen N. Maskaleris on the brief).
Mr. John W. Griggs argued the cause for respondents (Mr. Theodore D. Parsons, Attorney-General).
The opinion of the court was delivered by JAYNE, S.J.A.D.
The present appeal implicates the legal propriety of an order made by Judge Brennan in the Law Division, Essex County, on June 11, 1953 dismissing, upon motion of the defendants, the alleged cause of action of the plaintiff.
Summarized, the factual allegations of the plaintiff's complaint are that on June 15, 1951 the plaintiff, a duly accredited plumbing inspector, was appointed to the position of Plumbing Inspector of the City of Orange and has since continued to occupy that position; that the Legislature by the enactment of chapter 333 of the Laws of 1951 ordained that all such plumbing inspectors then (July 19, 1951) holding such positions and who were holding them on July 1, 1950, should be placed in the classified service of the *574 Civil Service without examination. It is significantly informative to quote paragraph 4 of the complaint verbatim et literatim:
"4. Defendants herein have failed and refused to add the Plaintiff's name to the classified civil service list as provided in the above Statute and have further notified Plaintiff of their intention to schedule and announce the holding of an open competitive examination for his position, although by the Laws of the State of New Jersey, no vacancy exists therein."
Mandatory relief was sought compelling the defendants to record the plaintiff in the classified service which, in consequential effect, would render improper the conduct of any examination for the position in the City of Orange. Manifestly the action is designed in modern substitution for the pre-existent style of a proceeding in mandamus.
In dismissing the action in the Law Division, the judge resolved that the plaintiff had mistaken the appropriate procedure to attain the desired remedy in that he had ignored Rule 3:81-8; R.R. 4:88-8.
The provision in Rule 3:81-8 of fundamental pertinency is that "Review of the final decision or action of any State Administrative Agency shall be by appeal to the Appellate Division."
In Halloran v. Haffner, 25 N.J. Super. 241, 247 (App. Div. 1953), it was stated:
"We are satisfied that Rule 3:81-8 was intended to provide an appeal, as a matter of right, to the Appellate Division from any state administrative agency in any case in which, under our former practice, a review by our former Supreme Court was available by means of a prerogative writ. While the language used in Rule 3:81-8 is not free from ambiguity, we construe `action,' as used in this rule, to include any proceeding not included in `final decision' but still one which was reviewable under our former practice by means of a prerogative writ. This court does have jurisdiction to hear and decide this appeal."
We are of the opinion that the failure and refusal of the defendants to add the plaintiff's name to the classified civil service list and the announcement of their intention to *575 hold an open competitive examination for the plaintiff's position as alleged in the complaint constitute "action" of the state agency within the purview of the aforementioned rule. The import of the rule embraces official administrative conduct of a negative character as well, such as, for examples, the refusal to consider a meritorious petition, or to conduct a hearing or to render any decision in a controversial cause appropriately before the departmental commission.
At the argument of this appeal the Deputy Attorney-General who represented the defendants acknowledged that the basic issue of law which the plaintiff seeks to have adjudicated is fairly and reasonably debatable and stated that if plaintiff would request a decision concerning it from the Department of Civil Service he would recommend that such a determination would be diligently supplied from which, if adverse, the plaintiff would be able to appeal. In the circumstances we suggest that course.
The order under review is affirmed.