43 N.J. Super. 262 (1957)
128 A.2d 513
IN THE MATTER OF MATTEO ADINOLFI.
Superior Court of New Jersey, Law Division.
Decided January 4, 1957.
Mr. Matteo Adinolfi, pro se.
DREWEN, J.C.C. (temporarily assigned).
On October 26, 1951 petitioner was convicted by a jury in the Hudson *263 County Court of murder in the second degree (R.S. 2:138-2). On November 16, 1951 he was sentenced upon that conviction to a term of imprisonment in the State Prison of not less than 25 years nor more than 30 years (R.S. 2:138-4), which term he is now serving. In paragraph 3 of the petition it is set forth that on May 11, 1928 petitioner was convicted in the State of New York of attempted assault in the second degree and sentenced thereon to imprisonment in Sing Sing Prison for not less than 15 months and not more than 30 months. Petitioner further shows that by reason of such prior conviction he has been placed on the records of the New Jersey State Parole Board as a second offender and so rendered subject to the provisions of section 12 of the State Parole Law (N.J.S.A. 30:4-123.12) which are as follows:
"* * * (a) Any offender sentenced to any penal institution of this State who has previously served all or part of a term of imprisonment in any penal institution of this State, or of the United States, or of any State other than this State, shall be deemed to be a second offender and upon his incarceration for such second offense shall be ineligible for parole consideration by the board until he shall have served at least one-half of the maximum sentence imposed upon him for such second offense * * *."
Petitioner makes it a point that in the prosecution of the indictment against him there was no compliance with the statutes relating to multiple offenders (N.J.S. 2A:85-8, 9, 12, 13 as amended). There can be no doubt, I think, that there is manifest confusion here as between the applicability on the one hand of the rules and regulations of the State Parole Board made pursuant to the authority of the statute by which that board was created, and the provisions on the other hand of the multiple offenders (habitual criminal) enactments, supra. The matter before me I judge to be governed entirely by the Parole Board Law, L. 1948, c. 84, N.J.S.A. 30:4-123.1.
Petitioner contends that the terms of the statute by which parole is regulated are not retroactive, and for which reason alone, as he alleges, he cannot be regarded as *264 a second offender. The statute would appear to provide for its retroactive effect in the following language of section 5 (N.J.S.A. 30:4-123.5):
"It shall be the duty of the board to determine when, and under what conditions, subject to the provisions of this act, persons now or hereafter serving sentences having fixed minimum and maximum terms or serving sentences for life, in the several penal and correctional institutions of this State may be released upon parole." (Italics supplied)
At any rate, I deem it to be a governing principle here that parole is a bestowal ex gratia on the part of the sovereign state; it is not consequent upon any right thereto vesting in the parolee.
The prayer of the petition is:
"* * * that the Admissions and Records Clerk Mr. Edward P. Feehan be ordered to correct the status of the defendant-petitioner from second offender back to the classification as under the status of a first offender, which he was classified upon his admission to this Institution on or about November 16, 1951."
The question raised by petitioner's quoted prayer is, it would appear, dispositive of the entire matter. The said Edward P. Feehan, named therein as Admissions and Records Clerk, is an employee of the New Jersey State Parole Board as created by the statute, supra (L. 1948, c. 84; N.J.S.A. 30:4-123.1). This court is without jurisdiction over the said officer. In his official functioning the said Feehan quite obviously constitutes an administrative agency. R.R. 4:88-8 provides:
"Review of the * * * action of any state administrative agency * * * shall be by appeal to the Appellate Division * * *."
The petition is dismissed.