**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5455-17T3

ROBERT MOSS,

      Plaintiff-Appellant,

v.

STATE OF NEW JERSEY,
DEPARTMENT OF
ENVIRONMENTAL PROTECTION,

      Defendant-Respondent.

_____

Argued May 21, 2019 – Decided June 6, 2019

Before Judges Suter and Enright.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0829-18.

Robert W. Moss, appellant, argued the cause pro se.

Patrick S. Woolford, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Jason W. Rockwell, Assistant Attorney General, of counsel; Patrick S. Woolford, on the brief).

PER CURIAM

Plaintiff, Robert Moss, appeals from an order denying his motion for reconsideration of an order dismissing his complaint. We affirm.

In 2015, the Department of Environmental Protection prepared a draft Forest Stewardship Plan (Plan) for the Sparta Mountain Wildlife Management Area (SMWMA). The SMWMA consists of state land in Sussex and Morris Counties, under the DEP's jurisdiction, and it hosts a number of forest types and wildlife. After the DEP posted the Plan, it received and reviewed public comments from various stakeholders. Then, on March 13, 2017, the DEP's Division of Fish & Wildlife approved the final Plan. This Plan outlined various goals and objectives for the management of the SMWMA for a ten-year period.

The March 13, 2017 endorsement of the Plan contained the signatures of numerous officials (including the Director of the Division of Fish & Wildlife), who confirmed they had participated in revising the Plan "in its final form." The endorsement also reflected the heading, "Final Plan Approval," in large bold print. On May 3, 2017, the DEP issued public notice of the Plan.

A private lake community within the SMWMA, known as Beaver Lake Realty Company, timely appealed the Plan to the Appellate Division. Beaver Lake later withdrew its appeal so it could proceed to mediation with the DEP. It was not until July 31, 2017 that plaintiff moved to intervene in the then-

2

pending Beaver Lake appeal, over Beaver Lake's objection. We denied his motion to intervene as well as his motion for reconsideration of that denial. The Supreme Court denied his application in December 2017.

On February 6, 2018, plaintiff again moved to challenge the Plan by filing a complaint in lieu of prerogative writ and for injunctive relief in the Superior Court, Law Division, Essex County. Venue was changed to Mercer County. The trial court granted the DEP's motion to dismiss plaintiff's complaint with prejudice. The trial judge found he had filed his action out of time. Specifically, the trial court determined any challenge to the Plan had to be lodged within a forty-five day period after the notice date of the Plan, unless that period was extended by another thirty days. It observed plaintiff's complaint "was filed well beyond those -- both of those time periods."

The trial judge also found the Plan was developed by the DEP through informal agency action (rather than rule making or adjudication). Although plaintiff moved for reconsideration of the dismissal, on July 10, 2018, his application was denied, triggering the instant appeal.

Plaintiff argues the trial court erroneously dismissed his action as untimely because it found the Plan is a final agency action per Rules 2:2-3(a)(2) and 2:4-1(b). He asserts the Plan lacked findings of fact and conclusions of law

so it was not a final agency action, cognizable for review in the Appellate Division. Alternatively, he maintains that when Beaver Lake filed its timely appeal, the time for him to file his appeal was tolled. We do not find either argument persuasive.

This court has exclusive jurisdiction to review final decisions or actions of a state agency or officer. R. 2:2-3(a)(2); see also Infinity Broad. Corp. v. N.J. Meadowlands Comm'n, 187 N.J. 212, 223 (2006) (holding that "'every proceeding to review the action or inaction of a state administrative agency [is] by appeal to the Appellate Division'") (quoting Cent. R.R. Co. v. Neeld, 26 N.J. 172, 184-85 (1958)). We are the exclusive forum for review even where there appears to be concurrent or overlapping jurisdiction with a trial court. Pressler & Verniero, Current N.J. Court Rules, cmt. 3.2.1 on R. 2:2-3 (2019). Our "exclusive jurisdiction does not turn on the theory of the challenging party's claim or the nature of the relief sought." Mutschler v. N.J. Dept. of Environmental Protection, 337 N.J. Super. 1, 8 (App. Div. 2001) (citing Cent. R.R. Co. v. Neeld, 26 N.J. at 184-85).

Of course, "[f]or a state administrative agency to gain repose from an appeal by virtue of the elapse of time from a decision or action, it must give the party sought to be bound unmistakable written notice of the finality of the

decision or action." DeNike v. Bd. Of Trs., Employees' Ret. Sys. Of N.J., 34 N.J. 430, 435 (1961). We find the Plan constituted a final agency action solely appealable to the Appellate Division for a number of reasons. First, the DEP's Division of Fish & Wildlife approved the Plan as final, only after a draft plan had been posted on its website for public comment and public feedback had been received. By May 3, 2017, all internal administrative review of the Plan had been exhausted, which is why the DEP issued public notice of the Plan. See Bouie v. New Jersey Dept. of Community Affairs, 407 N.J. Super. 518, 527 (App. Div. 2009). Moreover, those responsible for providing final plan approval specifically endorsed the Plan "in its final form." Only after the Plan was approved and endorsed as final by a number of officials did the DEP issue public notice of the Plan. Therefore, the public was given unambiguous written notice of the finality of the Plan. See In re CAFRA Permit No. 87-0959-5, 152 N.J. 287, 299 (1997). Lastly, plaintiff did not question our jurisdiction to consider the DEP's final agency decision when he filed his motion to intervene in Beaver Lake's then-pending appeal. For all these reasons, we find no reason to disturb the trial judge's determination that the DEP's Plan was final as of May 3, 2017.

As the Plan was final when the DEP issued public notice of it on May 3, 2017, plaintiff had forty-five days thereafter to challenge the Plan in the

5

Appellate Division. R. 2:4-1(b). He did not meet that deadline nor did he seek a thirty-day extension of that deadline, as permitted under Rule 2:4-4(a). Consequently, we are satisfied the trial court correctly determined his challenge was time-barred and appropriately declined to transfer plaintiff's action to the Appellate Division for further consideration. An appeal improperly taken to the Law Division, as occurred here, could have been transferred to the Appellate Division under Rule 1:13-4 if plaintiff had filed his Law Division suit within forty-five days from the date of service or notice of the administrative decision. Bouie v. Dept. of Comm. Affairs, 407 N.J. Super. at 527. Since he missed this deadline by several months, there was no reason for the trial court to transfer his time-barred action to the Appellate Division. See Kohlbrenner v. Recycling v. Burlington Cty., 228 N.J. Super. 624, 629 (Law Div. 1987) (where the court determined dismissal, not transfer to the Appellate Division, was appropriate where a complaint had not been timely filed). Likewise, since plaintiff did not file a motion for reconsideration before the time to appeal had expired, his untimely motion could not resurrect an appeal that was time-barred. In re Hill, 241 N.J. Super. 367 (App. Div. 1990).

As to plaintiff's assertion that the filing of Beaver Lake's appeal tolled the time for him to appeal, we point to Rule 2:4-3, which specifies when the running

of the time for taking an appeal shall be tolled. The circumstances outlined in this Rule do not apply to plaintiff's circumstances.

Since we conclude plaintiff's appeal was not perfected within the period provided by Rules 2:4-1(b) and 2:4-4(a), we find no error in the trial court's decision to dismiss his Law Division action outright.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION