248 N.J. Super. 531 (1991)
591 A.2d 962
KOHLBRENNER RECYCLING ENTERPRISES, INC., PLAINTIFF-RESPONDENT,
v.
BURLINGTON COUNTY BOARD OF CHOSEN FREEHOLDERS, DEFENDANT-APPELLANT.
TOWNSHIP OF DELRAN, PLAINTIFF-RESPONDENT,
v.
COUNTY OF BURLINGTON, DEFENDANT-APPELLANT, AND OCCUPATIONAL TRAINING CENTER OF BURLINGTON COUNTY, INC., INTERVENOR-DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1991.
Decided May 22, 1991.
*532 Before Judges GAULKIN, HAVEY and SKILLMAN.
Carole A. Quattlander, Assistant County Solicitor, argued the cause for appellant Burlington County Board of Chosen Freeholders (Michael J. Hogan, Burlington County Solicitor, attorney; Carole A. Quattlander, on the brief).
Richard W. Hunt argued the cause for appellant Occupational Training Center of Burlington County, Inc. (John A. Almeida, attorney; Richard W. Hunt, on the brief).
Mark J. Molz argued the cause for respondent Kohlbrenner Recycling Enterprises, Inc.
John E. Harrington argued the cause for respondent Township of Delran (Dyer & Harrington, attorneys; John E. Harrington, on the brief).
Robert J. Del Tufo, Attorney General, submitted a brief on behalf of amicus curiae New Jersey Department of Environmental Protection (Rachel Horowitz, Deputy Attorney General, on the brief).
*533 Parker, McCay & Criscuolo submitted a brief on behalf of amici curiae Townships of Mount Holly and Southampton (Richard M. Berman, on the brief).
Michael L. Mouber submitted a brief on behalf of amicus curiae Mount Laurel Tp.
The opinion of the court was delivered by SKILLMAN, J.A.D.
The Statewide Mandatory Source Separation and Recycling Act, L. 1987, c. 102; N.J.S.A. 13:1E-99.11 to -99.32 (the Recycling Act), required every county to adopt a "district recycling plan" within six months of its enactment. N.J.S.A. 13:1E-99.13a. However, any county which received approval of the Department of Environmental Protection (DEP) of a "district recycling plan" as part of its district solid waste management plan under the Solid Waste Management Act, N.J.S.A. 13:1E-1 to -198, prior to January 1, 1987 was exempted from this requirement, if the county had "established and implemented a county-wide mandatory source separation and recycling program for at least three recyclable materials, in addition to leaves, and shall have demonstrated that it has secured markets for these materials." N.J.S.A. 13:1E-99.15.
The threshold issue presented by this appeal is whether the Law Division has jurisdiction to determine a county's eligibility for the exemption provided by N.J.S.A. 13:1E-99.15. We hold that the DEP has exclusive jurisdiction to decide whether a county is entitled to this exemption. Therefore, we reverse the judgment of the Law Division enjoining Burlington County from pursuing its approved recycling program and transfer the matter to the DEP.
This case has a protracted procedural history which it is appropriate to summarize briefly before turning to the jurisdictional issue on which our decision turns. Two suits were filed in the Law Division challenging Burlington County's district recycling plan, which was a part of the August 13, 1986 *534 amendment to the Burlington County solid waste management plan approved by DEP on December 5, 1986. The first complaint was filed on June 11, 1987 by Kohlbrenner Recycling Enterprises, Inc (Kohlbrenner), the operator of an existing recycling facility in Burlington County, which alleged that the County was required to adopt a new recycling plan in conformity with the Recycling Act and that Kohlbrenner, as an existing facility, was entitled to "priority consideration" in that plan. The suit also sought to enjoin the County from constructing a new recycling facility in Delran Township (Delran). The County's answer asserted that it was exempt under N.J.S.A. 13:1E-99.15 from the requirement that it adopt a new "district recycling plan." Viewing Kohlbrenner's complaint as a challenge to the County's solid waste management plan approved by DEP on December 5, 1986, the Law Division concluded in a reported opinion that exclusive jurisdiction rested in the Appellate Division but declined to transfer the matter because the complaint had been filed beyond the time limits provided by R. 2:4-1(b), R. 4:69-6 and N.J.S.A. 13:1E-23(f). Kohlbrenner Recycling Enterprises, Inc. v. Burlington County, 228 N.J. Super. 624, 628-29, 550 A.2d 771 (Law Div. 1987). Accordingly, the court dismissed the complaint. However, it stated in dictum that "[t]he County, on the basis of present proofs, has not satisfied the marketing criteria which are a condition to the allowance of the claimed exemption." Id. at 634, 550 A.2d 771. The court also stated that the County would be "entitled ... to a plenary hearing on the marketing issue if further proceedings ... become necessary." Ibid.
The second complaint challenging Burlington County's recycling plan was filed by Delran. This complaint also alleged that the County was required to adopt an amended solid waste management plan containing a recycling plan adopted in conformity with the Recycling Act. The County again filed an answer claiming that it was entitled to an exemption under N.J.S.A. 13:1E-99.15. The Occupational Training Center of Burlington County, Inc. (OTC), with which the County had *535 contracted to collect and market recycled material, intervened as a defendant and joined in this defense.
In a letter opinion dated September 15, 1987, the trial court concluded that it had jurisdiction to determine whether the County was exempt under N.J.S.A. 13:1E-99.15. The court expanded upon this conclusion in a letter opinion dated January 8, 1988, which stated:
[T]he consolidated suits claim that Burlington County is not exempt under the Recycling Act because it does not meet the statutory "market" requirement. The further claim is therefore made that the County has failed to adopt a plan as required by the Act and must do so before it can proceed with implementation. These claims, if successful, will have the indirect consequence of invalidating the plan adopted by the County and approved by the DEP in December 1986. That indirect consequence does not deprive this court of jurisdiction. The issues raised require interpretations of the statute and factual conclusions as to whether its conditions have been met. These functions are ones which courts are well suited to handle and ones which they do address with regularity.
The DEP, of course, has concurrent authority to interpret the statute in connection with its approval procedures and other activities entrusted to it by the Legislature. That circumstance does not oust the court from jurisdiction. In the present case, nothing is pending before the DEP and the plaintiffs here have no appropriate way to raise their contentions before the DEP. They are entitled to be heard here. The jurisdiction of the DEP over solid waste matters, notwithstanding the fact the State has preempted the field, is not exclusive.
The trial court also concluded that Delran's action was not time barred, because it was directed at the County's alleged failure to comply with the Recycling Act and had been filed within 45 days of that alleged failure to act.
Based on these rulings, the court vacated its prior order dismissing the Kohlbrenner complaint.
On May 2, 1988, the court ordered that a master be appointed to consider the "secured markets" issue on which a county's entitlement to an exemption under N.J.S.A. 13:1E-99.15 turns. This order was followed by extensive proceedings before the master which required approximately a year and a half to complete. On January 3, 1990, the master issued a report which concluded that the County did not have the "secured markets" required to be entitled to an exemption under N.J.S.A. 13:1E-99.15. On February 1, 1990, the trial court issued a *536 letter opinion which endorsed the conclusions of the master and also concluded that "[s]ince the County has no `market' and is therefore not exempt from the requirement that it amend its solid waste management plan to include a recycling component, Delran and Kohlbrenner are entitled to an injunction restraining the operation of the County's recycling plan and program." Accordingly, the court entered a final judgment restraining defendants "from any pursuit of their recycling program and from the use of the recycling plant in Delran Township until the County has amended its solid waste management plan to include a recycling plan in accordance with statutory requirements." Burlington County and OTC filed appeals, which we consolidated, and the trial court stayed the judgment pending the appeals.
We agree with the trial court's conclusion that plaintiffs' actions did not challenge the DEP's 1986 approval of the County solid waste management plan but rather asserted that the County had failed to discharge its responsibilities under the Recycling Act enacted in 1987. Consequently, the court correctly concluded upon reconsideration that this is not an appeal from the final action of a state agency which would be within the exclusive jurisdiction of this court and that plaintiffs' complaints were not filed out-of-time. But the trial court erred in concluding that it had jurisdiction to decide whether a county is exempted by N.J.S.A. 13:1E-99.15 from the responsibility of adopting a recycling plan in conformity with N.J.S.A. 13:1E-99.13 and N.J.S.A. 13:1E-99.14.
N.J.S.A. 13:1E-99.15 does not explicitly state how a county's eligibility for an exemption shall be determined or what agency is authorized to make that determination. However, we believe it is implicit in the Recycling Act that the DEP's expansive statutory authority to coordinate solid waste collection, disposal and utilization includes exclusive jurisdiction to determine a county's eligibility for an exemption under N.J.S.A. 13:1E-99.15.
*537 The Recycling Act was enacted as a supplement to the Solid Waste Management Act (SWMA). Consequently, the DEP's authority under the Recycling Act must be viewed in light of its general authority and responsibilities under the SWMA. N.J.S.A. 13:1E-2b(6) declares that the State's policy is to grant DEP "the power, not only to regulate and supervise all solid waste collection and disposal facilities ... but also to develop through a Statewide solid waste management plan objectives, criteria and procedures to assure the orderly preparation and evaluation of the solid waste management plans developed by every solid waste management district." To that end, N.J.S.A. 13:1E-6a(3) imposes the responsibility upon the DEP to "[d]evelop, formulate, promulgate and review for the purpose of revising or updating not less than once every 2 years, a Statewide solid waste management plan which shall encourage the maximum practicable use of resource recovery procedures." The Supreme Court has observed that "the planning role of DEP" mandated by these statutory provisions is "central" to the operation of the SWMA. A.A. Mastrangelo, Inc. v. Commissioner of Dep't of Envtl. Protection, 90 N.J. 666, 679, 449 A.2d 516 (1982). The Court also has observed that the SWMA "addresses a pronounced need for uniformity and local, regional, and statewide integration in the regulation of solid waste management" and that "[i]t is obvious that `the Legislature intended to vest in [DEP] great supervisory powers over the critical and urgent need for solid waste disposal.'" Id. at 687, 449 A.2d 516 (quoting In re Combustion Equip. Assocs., 169 N.J. Super. 305, 316, 404 A.2d 1194 (App.Div. 1979)).
The responsibilities of the DEP and counties under the Recycling Act supplement and are integrally related to their responsibilities under the SWMA. Thus, a county's recycling plan must take the form of an amendment to its solid waste management plan under the SWMA and must implement the State Recycling Plan goals established by DEP as part of the statewide solid waste management plan adopted pursuant to N.J.S.A. 13:1E-6a(3). N.J.S.A. 13:1E-99.13(a). Therefore, the Legislature *538 clearly envisioned the same need for DEP's exercise of pervasive supervisory authority under the Recycling Act as under the SWMA.
We conclude that this supervisory authority encompasses exclusive jurisdiction to determine whether a county is exempt pursuant to N.J.S.A. 13:1E-99.15 from the responsibility to adopt a new recycling plan in conformity with N.J.S.A. 13:1E-99.13 and N.J.S.A. 13:1E-99.14. This exemption is a precondition to the continuing validity of a county's solid waste management plan approved by DEP prior to January 1, 1987. Consequently, a finding that a county is not entitled to the exemption means that it must prepare a new solid waste management plan. We do not believe the Legislature could have intended DEP to have exclusive jurisdiction to review and supervise the implementation of county solid waste management plans but for the Law Division to have concurrent jurisdiction with DEP to pass upon the applicability of an exemption which determines whether a county is required to submit a revised plan to DEP. The determination of an exemption from the Recycling Act is so directly related to the overall administration of that Act and the SWMA that the Legislature must have intended the DEP, as the responsible regulatory agency, to make that determination. This interpretation of N.J.S.A. 13:1E-99.15 also furthers the legislative goal of uniformity of administration by avoiding conflicting interpretations of the Recycling Act and the SWMA by DEP and individual trial court judges.
This conclusion draws further support from the fact that N.J.S.A. 13:1E-99.14b confers express authority upon DEP to grant temporary exemptions from implementation of approved recycling plans with respect to recyclable materials for which there is no market:
In the event that a county is unable to enter into contracts or otherwise execute agreements to market specific designated recyclable materials in order to achieve the designated recovery targets set forth in the district recycling plan, the county may petition the department for a temporary exemption from the provisions of subsection a. of this section for these specified materials. The department is authorized to grant, deny or conditionally grant the exemption.
*539 The kind of factual determinations regarding the availability of markets which DEP is required to make in passing upon claims for exemption under N.J.S.A. 13:1E-99.14b are similar to those which must be made in passing upon claims for exemption under N.J.S.A. 13:1E-99.15. See also N.J.S.A. 13:1E-99.16b. Therefore, it is reasonable to conclude that the Legislature intended DEP to have exclusive jurisdiction to determine the applicability of both types of exemptions. Cf. In re Adoption of N.J.A.C. 7:26B, ___ N.J. Super. ___, ___ (App.Div. 1991) (slip op. at 44-46) ("[t]he problem of exemptions from complex regulatory schemes is a continuous and vexing one.").
Delran argues, citing Township of Mount Olive v. Department of Envtl. Protection, 225 N.J. Super. 94, 541 A.2d 1089 (App.Div. 1988) and In re Waste Disposal Agreement, 237 N.J. Super. 516, 531, 568 A.2d 547 (App.Div. 1990), that DEP would not grant a municipality a quasi-judicial hearing with respect to a county's entitlement to an exemption under N.J.S.A. 13:1E-99.15 and that the Law Division therefore properly asserted jurisdiction to decide the issue. However, even if DEP's procedures for considering plaintiffs' challenge to the County's claimed exemption under N.J.S.A. 13:1E-99.15 were inadequate, this would not divest DEP of the exclusive jurisdiction conferred upon it by the Legislature. Any claim plaintiffs may have regarding the inadequacy of DEP's procedures could be raised by an appeal to this court from a final decision of the agency.
Accordingly, we reverse the final judgment of the Law Division and transfer the matter to DEP.